# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MARK RIEVLEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| HARTFORD LIFE AND § | |
| ACCIDENT INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

**COMES NOW**, Plaintiff Mark Rievley, and makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long-term disability benefits due under an employee benefits plan under ERISA, and for Defendant's other violations of the Employee Retirement Income Security Act of 1974 ("ERISA").

## JURISDICTION AND VENUE

1. This Court's jurisdiction over the Plaintiff's claims for long term disability benefits is invoked under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and under the express jurisdiction found in the ERISA statute under 29 U.S.C. § 1132(e) (ERISA § 5-2(e)).

1

2. Plaintiff's claims "relate to" an "employee welfare benefits plan" or "plans" as defined by ERISA, 29 U.S.C. § 1001 *et seq.*, and the subject disability benefit plans constitutes a "plan under ERISA."

3. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2569.503-1 provide a mechanism for administrative or internal appeal of benefits denials.

4. In this case, the aforementioned avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

5. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

6. Plaintiff, Mark Rievley (hereinafter "Plaintiff"), was at all relevant times, a resident of the City of Chattanooga, County of Hamilton, State of Tennessee.

7. Plaintiff alleges upon information and belief that Group Long Term Disability Plan for Employees of Astec Industries, Inc. (hereinafter "Plan") is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.

8. The Plan provides eligible employees with disability income protection as defined by the Plan.

2

9. Plaintiff alleges upon information and belief that Astec Industries, Inc., was Plaintiff's employer throughout the relevant time periods and is the Plan Sponsor and Plan Administrator of the long-term disability Plan.

10. Astec Industries, Inc., and/or the Plan additionally maintained or contained other employee benefits and/or component plans under which Plaintiff may be entitled to benefits if found disabled under the long-term disability Plan.

11. Plaintiff alleges upon information and belief that Defendant Hartford Life and Accident Insurance Company (hereinafter "Hartford") manages the long-term disability Plan.

12. Hartford is the party obligated to pay benefits and to determine eligibility for benefits under the Plan.

13. Hartford is the underwriter for Group Policy Number GLT 395160.

14. Hartford is an insurance company authorized to transact the business of insurance in this State, and may be served with process and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

## FACTS

15. Defendant Hartford was the entity responsible for processing claims and adjudicating appeals regarding long term disability benefits under the Plan.

16. The long-term disability Plan is fully insured by Hartford under Group Policy Number GLT 395160.

17. The Plaintiff timely filed an application for benefits under the Plan, was approved for disability benefits from November 1, 2013 through June 24, 2018, was subsequently denied benefits, Plaintiff timely appealed, and Hartford issued its final denial on February 1, 2019.

18. The Plaintiff was employed as a lay out technician by Astec Industries, Inc., and as such, Plaintiff was thereby a participant or beneficiary of the Plan, and is covered by the policy that provides benefits under the Plan.

19. The Plaintiff ceased work on or about April 26, 2013, due to a disability while covered under the Plan.

20. The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

21. In accordance with the review procedures set forth in the PLAN, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff, appealed the claim until exhausting the required plan appeals.

22. Having submitted his appeal, and as confirmed by Hartford, Plaintiff exhausted his administrative remedies.

23. Based on the terms of the insurance policy, Plaintiff's complaint is timely and is not otherwise time barred.

24. Plaintiff is entitled to long term disability benefits as he has met the long-term disability Plan's requirements, and his disability continues to prevent him from performing one or more of the essential duties of his occupation or any occupation which he is qualified by education, training or experience and that has an earnings potential greater than the lesser of the product of his indexed pre-disability earnings and the initial benefit period percentage or the maximum monthly benefit.

25. It is the undersigned counsel's current understanding that if disabled pursuant to the terms of the policy, Plaintiff, who was paid benefits through June 24, 2018, is entitled to a net monthly long-term disability benefit of $354.73 after a Social Security disability benefit offset to October 5, 2026 (but with no overpayment owed), such that he is entitled to $4,069.21 in back benefits, $27,496.83 in future benefits (using 3.50% to discount to net present), for a total long-term disability benefit of $31,566.04.

26. Evidence submitted by Plaintiff to Hartford supporting his disability includes, *inter alia*, the following: attending physician statements from his treating physicians, medical records, a fully favorable decision from the Social Security Administration granting disability benefits, with the aforesaid regarding the Plaintiff's failed L4-5 hemi-laminotomy, stage 3 kidney disease, coronary artery disease and hypertension, which caused,

*inter alia*, problems with pain, fatigue and concentration and memory, all of which interfered with his ability to work, and ultimately caused him to become disabled.

27. The Plaintiff has now exhausted his required administrative remedies for his long-term disability benefits under the Plan pursuant to ERISA or such administrative remedies are deemed exhausted and/or her long-term disability benefits are deemed denied.

28. The Court's standard of review for the ERISA claims is *de novo* under *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

29. The entity that chose to deny long term disability benefits would pay any such benefits due out of its own funds.

30. Defendant was a claims decision-maker under a perpetual conflict of interest because the long-term disability benefits would have been paid out of its own funds.

31. Defendant allowed its concern over its own funds to influence its decision-making.

32. Defendant has acted under a policy to take advantage of the potential applicability of ERISA to claims.

33. Hartford's administrative process did not provide Plaintiff with a full and fair review; by way of example, Hartford's denial letters did not contain the

6

Case 1:19-cv-00175-PLR-CHS   Document 1   Filed 06/14/19   Page 6 of 13   PageID #: 6

specific reasons for the denial and did not advise Plaintiff of the information Hartford required in order to approve her continuing benefits.

34. The disability insurance policy does *not* provide Hartford with discretionary authority.

35. At all times relative hereto, Hartford has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Plaintiff are paid from Hartford's own assets with each payment depleting those same assets.

36. As the party obligated to pay benefits and the administrator given discretion in construing and applying the provisions of the disability plan and assessing Plaintiff's entitlement to benefits, Hartford is an ERISA fiduciary.

37. Under ERISA, a fiduciary must carry out its duties with respect to the plan solely in the interest of the participants and beneficiaries for the exclusive purpose of providing benefits to participants and their beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent individual acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

38. Hartford failed to satisfy its duties under ERISA as specified in paragraph 37 of this complaint.

7

Case 1:19-cv-00175-PLR-CHS   Document 1   Filed 06/14/19   Page 7 of 13   PageID #: 7

39. Under ERISA, a fiduciary should fully investigate the relevant and applicable facts of any claim.

40. Hartford failed to satisfy its duties under ERISA as specified in paragraph 39 of this complaint.

41. Under ERISA, a fiduciary should fairly consider all information obtained regarding a claim, including that which tends to favor claim payment or continuation as well as that which tends to favor claim declination or termination.

42. Hartford failed to satisfy its duties under ERISA as specified in paragraph 41 of this complaint.

43. Under ERISA, a fiduciary should consider the interests of its insured at least equal to its own and to resolve undeterminable issues in its insured's favor.

44. Hartford failed to satisfy its duties under ERISA as specified in paragraph 43 of this complaint.

45. Under ERISA, a fiduciary has the obligation to read, interpret and understand all of the pertinent medical information with sufficient clarity so as to be able to make a fair, objective and thorough evaluation of its insured's claims for disability benefits.

46. Hartford failed to satisfy its duties under ERISA as specified in paragraph 45 of this complaint.

47. Under ERISA, a fiduciary's denial of a claim should not be based on speculation.

48. Hartford failed to satisfy its duties under ERISA as specified in paragraph 47 of this complaint.

49. Under ERISA, a fiduciary should be objective in its assessment of facts and not attempt to bias the claims investigation process in any manner.

50. Hartford failed to satisfy its duties under ERISA as specified in paragraph 49 of this complaint.

51. Under ERISA, a fiduciary should not take into consideration the amount of money it would save if a particular claim or set of claims is denied, terminated, or otherwise not paid.

52. Hartford failed to satisfy its duties under ERISA as specified in paragraph 51 of this complaint.

53. Under ERISA, a fiduciary should refrain from excessive reliance on in-house medical staff to support the denial, termination, or reduction of benefits.

54. Hartford failed to satisfy its duties under ERISA as specified in paragraph 53 of this complaint.

55. Under ERISA, a fiduciary should not conduct unfair evaluation and interpretation of attending physicians' or independent medical examiners' reports.

56. Hartford failed to satisfy its duties under ERISA as specified in paragraph 55 of this complaint.

57. Under ERISA, a fiduciary should evaluate the totality of its insured's medical conditions.

58. Hartford failed to satisfy its duties under ERISA as specified in paragraph 57 of this complaint.

59. Under ERISA, a fiduciary has an obligation to conduct a fair, thorough, and objective review.

60. Hartford failed to satisfy its duties under ERISA as specified in paragraph 59 of this complaint.

### CAUSE OF ACTION
### FOR PLAN BENEFITS AGAINST ALL DEFENDANTS
### PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

**PLAINTIFF** incorporates all the allegations contained in paragraphs 1 through 60 as if fully stated herein and says further that:

61. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined in the Plan.

62. Plaintiff is disabled under the terms of the Plan.

63. Defendant failed to provide benefits due under the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

64. The decision to deny benefits was wrong under the terms of the Plan.

65. The decision to deny benefits and decision-making process were arbitrary and capricious.

66. The decision to deny benefits was not supported by substantial evidence in the record.

67. The decision-making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claims, as is required by 29 U.S.C. § 1133 and 29 C.F.R. 2560.503-1.

68. The appellate procedures did not provide the Plaintiff a full and fair review.

69. As an ERISA fiduciary, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

70. The Defendant violated the fiduciary duties owed to the Plaintiff.

71. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to

11

Case 1:19-cv-00175-PLR-CHS   Document 1   Filed 06/14/19   Page 11 of 13   PageID #: 11

which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

72. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF requests that this Court grant him the following relief in this case:

1. A finding in favor of Plaintiff against Defendant;
2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);
3. Prejudgment and postjudgment interest;
4. An Order requiring Defendant to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;
5. An Order requiring the Plan to provide Plaintiff with any other employment benefits to which he would be entitled pursuant to a finding that he is disabled under the Plan;

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this Court deems just and proper.

Dated this 12th day of June, 2019.

Respectfully submitted,

BY: */s/D. Seth Holliday*
D. SETH HOLLIDAY, ESQ.
Attorney Reg. No. 023136
**MCMAHAN LAW FIRM, LLC**
700 S. Thornton Avenue
P.O. Box 1607
Dalton, Georgia 30722
(706) 217-6118
sholliday@mcmahanfirm.com

*Attorneys for Plaintiff*

13

Case 1:19-cv-00175-PLR-CHS   Document 1   Filed 06/14/19   Page 13 of 13   PageID #: 13